IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00137-CV

No. 10-05-00138-CV

 

Teague Nursing Home, et al.

                                                                      Appellants

 v.

 

Leroy Wilson, ET AL.

                                                                      Appellees

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court Nos. 03-08-23403-BCCV
and 03-08-23503-BCCV

 



MEMORANDUM  Opinion



 








          The trial court granted Appellees’
motion for a joint trial of their respective lawsuits under Rule of Civil
Procedure 174(a).  Appellants filed an interlocutory appeal purportedly under
section 15.003(b) of the Civil Practice and Remedies Code.  Because the
interlocutory appeal provided by section 15.003 applies only to orders in
multiple plaintiff cases in which the trial court determines that a plaintiff
has or has not independently established proper venue and because no other
statute authorizes an interlocutory appeal of an order under Rule 174(a), we
will dismiss these appeals.

          The Clerk of this Court notified
Appellants that their appeals were subject to dismissal and would be dismissed
for want of jurisdiction if a response showing grounds for continuing the
appeals was not filed within 10 days.  Appellants’ response cites section
15.003 as a basis for this Court to exercise jurisdiction.  Tex. Civ. Prac. & Rem. Code Ann. § 15.003
(Vernon Supp. 2004–2005).

          However, section 15.003 provides for
an interlocutory appeal when a defendant contends there has been an improper
joinder in a single lawsuit of plaintiffs who cannot independently
establish proper venue.  Id. § 15.003.  Here, the trial court granted a
motion to consolidate two separate lawsuits.  See Tex. R. Civ. P. 174(a).  No
interlocutory appeal lies from a court’s consolidation order.  See In re Van
Waters & Rogers, Inc., 145 S.W.3d 203, 210-11 (Tex. 2004) (per curiam)
(granting mandamus relief from improper consolidation order).

          Appellants have not stated a valid
basis for this Court to exercise appellate jurisdiction.

Accordingly, the appeals are dismissed.  See
Tex. R. App. P. 42.3(a).

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring with a note: “Having improperly severed these two
appeals from the Co-Defendant who has filed for bankruptcy, we may as well go
ahead and dismiss their appeals too.”)

Appeals dismissed

Opinion delivered and
filed June 22, 2005

[CV06]